GENDEN, MICHAEL A., Associate Judge.
This is an appeal from an amended final judgment of dissolution of marriage. We affirm in all respects except for the trial court’s award of child support and rehabilitative alimony.
The final judgment of the trial court fails to adequately show what factors it considered in awarding to the wife $2,300.00 per month, or $1,150.00 per child. In its order the trial court listed the husband’s prior income for the years 1989,1990,1991,1992 and 1993. The court failed to make a specific finding as to what net monthly income it used in calculating its child support award. In order to determine if the child support award comports with the child support guidelines pursuant to section 61.30, Florida Statutes, we are remanding this case for additional findings setting forth what monthly income the court used in calculating child support.
On remand, the court may reorder the same amount of child support as previously ordered or order a new amount which com *528 ports with Florida Statute 61.30. Any departure of more than 5% from the guidelines must contain written reasons in accordance with section 61.30(l)(a).
Appellant also alleges that' the trial court erred in ordering automatic decreases of rehabilitative alimony in the future, conditioned upon her failure to engage in career enhancing educational training. The trial court has discretion to order prospective reduction in rehabilitative alimony based on this court’s recent opinion in Pagano v. Pagano, 665 So.2d 370 (Fla. 4th DCA 1996).
We cannot understand, however, why the court scheduled a reduction in rehabilitative alimony by one-half[1], after two years, even if the wife did engage in educational training, since the education would not have been completed at that point. On remand the court should make findings to explain that reduction, and may consider additional evidence as to the wife’s present circumstances.
If the court determines that the wife has not engaged or attempted to engage in said training, the issue will be moot. If rehabilitative alimony is continued, the trial court should set forth findings to justify its plan for rehabilitation.
KLEIN, and PARIENTE, JJ., concur.

. The award contains an obvious typographical error in that in an attempt to explain the reduction, the order states “for example at the end of six (6) months, her initial alimony will be reduced to $1,050.00.” It appears that the figure should have been $1,250.00. One half of the original $2,500.00 would be $1,250.00. This is further substantiated by the subsequent reduction after 24 months to $625.00.