728 So.2d 374 (1999)
Gaylen Lee REDDICK, Appellant,
v.
Brenda Sue REDDICK, Appellee.
No. 98-2449.
District Court of Appeal of Florida, Fifth District.
March 26, 1999.
*375 Thomas R. Peppier, Longwood, for Appellant.
Lawrence L. Lidfeldt, Maitland, for Appellee.
COBB, J.
An award of child support must be supported by substantial competent evidence in the record. See Cervoni v. Cervoni, 715 So.2d 282 (Fla. 3d DCA 1998). We write in this case to clarify what constitutes competent evidence. The husband argues that an award of $1,100.00 in child support is not supported by substantial competent evidence in the record. The trial court relied on the wife's child support guideline worksheet in awarding this sum.
Florida Family Law Form 12.901(g), effective January 1, 1996, provides, where child support is sought, for preparation of a child support guidelines worksheet. See In re Family Law Rules of Procedure, 663 So.2d 1049 (Fla.1995). Florida Family Law Rule 12.185 was amended effective March 1, 1998 to require that such worksheet be served on the other party. See In re Amendments to the Florida Family Law Rules, 713 So.2d 1 (Fla.1998). Thus the rules contemplate preparation of a worksheet by each party. The form provides for a signature line where the party preparing said form signs the document though there is no requirement on the face of the form that it be sworn to. Effective February 1, 1998, Florida Family Law Rule 12.285 requires that the worksheet also be filed with the court "so that the court has the benefit of the information when making its decision regarding the appropriate amount of child support to be awarded." Amendments to the Florida Family Law Rules of Procedure, 723 So.2d 208 (Fla.1998).
In the absence of a stipulation, and subject to the contemporaneous objection rule, an unsworn statement of fact cannot form the basis for making a factual determination. Simzer v. Simzer, 514 So.2d 372, 374, n. 1 (Fla. 2d DCA 1987); Leon Shaffer Golnick Advertising, Inc. v. Cedar, 423 So.2d 1015, 1016-1017 (Fla. 4th DCA 1982). See also Blimpie Capital Venture, Inc. v. Palms Plaza Partners, Ltd., 636 So.2d 838 (Fla. 2d DCA 1994). Unless an unsworn child support guideline worksheet is offered into evidence pursuant to stipulation, and subject to a contemporaneous objection, such worksheet alone cannot form the basis for an award of child support.
In Hester v. Hester, 705 So.2d 721 (Fla. 5th DCA 1998), this court held that a child support guidelines worksheet attached to a final judgment may, in the absence of other evidence of record, constitute a sufficient evidentiary basis to sustain an award of child support. There is no indication in that opinion as to whether the worksheet had been sworn to or, if not, whether any objection to its admission had been lodged in the trial court.
*376 In the instant case, the wife's counsel expressly argued from the worksheet at the hearing without any objection. The husband cannot argue, for the first time on appeal, that the trial court erred in relying on said document.
AFFIRMED.
GRIFFIN, C.J., and PETERSON, J., concur.