837 So.2d 1137 (2003)
Alan Montes DEOCA, Appellant,
v.
Susan Montes DEOCA, Appellee.
No. 5D02-1329.
District Court of Appeal of Florida, Fifth District.
February 21, 2003.
*1138 Charles A. Dehlinger, Altamonte Springs, for Appellant.
Wiley Andrew Rariden, Orlando, for Appellee.
PETERSON, J.
Alan Montes Deoca appeals an order modifying his child support payments. The former husband contends that the trial court based the monthly amount of support upon his gross income and not his income adjusted by the mandatory deductions required by section 61.30(3), Florida Statute (2001).
Our review of the record leads us to suspect that gross income was used to calculate the modified child support. We use the word "suspect" because the order modifying the child support does not include a finding as to the amount of income of either party that was used to calculate the child support. Unless such a finding is made, it is impossible for us to review the calculations for child support and for the parties to show a change of circumstances that could lead to an increase or decrease of child support in the future. See e.g., Pedroza v. Pedroza, 779 So.2d 616, 618-619 (Fla. 5th DCA 2001) ("The trial court is required to determine net income based upon section 61.30, Florida Statues, by determining `gross income' as defined in subsection (2)(a) 1-14 and then subtracting from this figure `allowable deductions' as defined in subsection (3)(a)-(g)."); McDaniel v. McDaniel, 653 So.2d 1076 (Fla. 5th DCA 1995) (trial court erred in failing to provide specific findings regarding parties income breakdowns).
The proceedings at the trial level were hampered by the former husband's lack of cooperation when he furnished incomplete records during discovery requests and failed to provide evidence that would lead to an accurate calculation of his gross income and allowable deductions for child support purposes. For example, he produced only the first pages of his federal income tax returns and only a few months of his employee pay detail that accompanied his paychecks for the calendar year 2001 although that must have been available for the January 2002 hearing.
Although it appears that the former husband has no one to blame but himself for any miscalculation of his available income and the child support, it is the burden of the trial court to determine the amounts based upon the evidence presented. If a litigant fails to cooperate with the legal process by failing to introduce evidence that would lead to an accurate computation, the trial court can still make and state a finding of the necessary amounts *1139 including the amount of income imputed to the recalcitrant litigant. Those findings can be made from the evidence presented by the litigant having the burden to show a change of circumstances. If that evidence fails to support an adjustment for appropriate deductions, the entitlement to the missing deduction will be forfeited.
We vacate the order and final judgment modifying child support and remand for the purpose of making findings as to the amounts used to calculate child support as required by section 61.30. If the former husband failed to present evidence to support the deductions that he claims entitlement to, he has forfeited his opportunity to do so. It is not the trial court's burden, as suggested in oral arguments, to maintain a schedule of federal income tax rates on the bench in order to calculate a litigant's tax deductions.
REVERSED and REMANDED; ORDER VACATED.
PLEUS, J. and COBB, W., Senior Judge, concur.