THOMPSON, JR., E., Senior Judge.
 

 Alione Armour (“Alione”) appeals a final judgment of paternity and an income deduction order, both dated 23 September 2008, with respect to a minor child born to Alione and Kelly McMiller (“Kelly”). Finding that only one issue has merit: the lack of findings to support the child support award, we reverse and remand.
 

 The minor child was born on 20 March 2005. Kelly filed a
 
 pro se
 
 petition to determine the child’s paternity on 28 March 2007. She asked for sole custody of the child; for child support; for arrearages back to the date of the child’s birth; that Alione pay for health insurance for the child; and for $500 in medical bills she expended for the child. Alione responded that he and Kelly had lived together until March of 2007, when Kelly asked him to leave. He sought to reduce or eliminate arrearages.
 

 Kelly’s financial affidavit indicated that she was a cashier for Home Depot, and that her earnings for 2006 were $25,340.14 (gross), or $20,553.60 (net). Her affidavit also showed a $300 per month deduction for health insurance from her employer. Alione’s financial affidavit for 2006 showed he was then employed with Connextions, Inc., and that his monthly gross was $1,760 (gross). The parties were ordered to go to mediation, and on 30 October 2007, they resolved their dispute by entering into a mediated settlement agreement, which included that Alione pay $441.03 per month to Kelly as child support. There was no provision for child support arrearages, and no provision that required either party to provide health insurance for the child. At some point, Kelly ceased paying the child’s health insurance.
 

 On 23 June 2008, Kelly filed a motion to amend her child support worksheet and for entry of final judgment. Her amended child support worksheet showed that for 2007, her gross income had increased to $2,747 per month, and she alleged Alione’s gross income for 2007 to be $3,457 per month.
 

 A hearing before a magistrate was held on 11 August 2008. There is no transcript, but the court notes indicate that the par
 
 *925
 
 ties disagreed about the amount of Alione’s income, and that Kelly’s lawyer requested that Alione file an amended financial affidavit. In response to Kelly’s claim of increased income, Alione stated there was a “lot of over time [sic] that is no longer available;” that the original child support worksheet had been prepared at mediation; and that his taxes had not been prepared at that time. Kelly’s lawyer insisted Alione had a second job and he responded that he had not been employed by anyone else since July of 2007, when he filed his financial affidavit. Lastly, Kelly told the court that although she did not have health insurance for the child, she would be able to afford it in January with child support. The court granted Kelly’s request that Alione file an amended financial affidavit, and granted the request for entry of the final judgment, ordering Kelly’s attorney to prepare it.
 

 Alione’s amended financial affidavit of 21 August 2008, showed that for 2007, he was working for Identifax of Greater Orlando as a private investigator. His gross wages were $1,820 per month; and he listed bonuses of $769 a month, for a total gross income of $2,589 per month. This amount was $868 per month less than Kelly attributed to Alione on her amended worksheet.
 

 On 22 September 2008 the trial court executed the final judgment of paternity, setting child support at $870 per month, based on the sole finding that the “amounts in the Child Support Guidelines Worksheet filed by the Mother are correct.” The court also awarded Kelly ar-rearages of $7,270, payable at the rate of an additional $100 per month, but it did not set forth the date that the arrearages began to accrue. There was also no requirement that either party provide health insurance for the child as an aspect of child support.
 

 While Kelly’s figures alleging Al-ione’s income are mathematically correct, Alione’s “allowable deductions” of $648 per month are not specified, and this court has no way of knowing whether they are, in fact, either allowable or correct. Nor is there anything in the record to support the trial court’s fueling that the “amounts in the Child Support Guidelines Worksheet filed by the Mother áre correct.” Child support awards must be supported by substantial competent evidence.
 
 Reddick v. Reddick,
 
 728 So.2d 374 (Fla. 5th DCA 1999).
 

 The failure to make adequate findings requires remand for determination of child support.
 
 Crouch v. Crouch,
 
 898 So.2d 177 (Fla. 5th DCA 2005).
 
 See also Aguirre v. Aguirre,
 
 985 So.2d 1203 (Fla. 4th DCA 2008);
 
 Ondrejack v. Ondrejack,
 
 839 So.2d 867, 871-72 (Fla. 4th DCA 2003);
 
 Esfahani v. Esfahani,
 
 676 So.2d 527 (Fla. 4th DCA 1996).
 

 In making an award of child support, the trial court is required to determine the net income of each parent pursuant to section 61.30, and to include findings in the final judgment.
 
 See Deoca v. Deoca,
 
 837 So.2d 1137, 1138 (Fla. 5th DCA 2003); § 61.30(2) (includable income), (3) (allowable deductions), (4)-(6) (determination of net income), Fla. Stat. The trial court failed to do so in this case, requiring us to reverse the child support award and remand for further proceedings.
 

 In reversing and remanding to the lower court, we also note that health insurance is an aspect of child support, and pursuant to section 61.30(l)(b), each order for child support “shall” contain a provision for health insurance coverage for the minor child, when that coverage is reasonably available.
 
 [1]
 

 
 *926
 
 AFFIRMED in Part, REVERSED in Part, and REMANDED.
 

 MONACO, C.J., and COHEN, J., concur.
 

 [1]
 

 . The statute provides that health insurance "coverage is reasonably available if either the
 
 *926
 
 obligor or obligee has access at a reasonable rate to a group health plan.”