KELLY, Judge.
The mother appeals a final judgment in a paternity action determining custody and establishing child support. She claims that the trial court abused its discretion by ordering rotating custody of the parties’ two children and by failing to include in the final judgment findings regarding the parties’ respective incomes, the amount of the parties’ support obligations, and provisions regarding health care coverage and uncovered medical expenses for the children. Based upon the record before us, we cannot conclude that the trial judge abused his discretion in ordering a rotating custody arrangement and therefore affirm the court’s custody determination. See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980). We find it necessary, however, to remand for clarification of the court’s child support award.
The mother argues that the trial court erred in not making a finding as to each party’s income for purposes of calculating child support and that it is difficult if not “impossible” to ascertain from the final judgment the exact amount of support awarded. The final judgment of paternity adopts and incorporates the father’s child support guidelines worksheet. This worksheet was prepared based on the rotating custody arrangement ordered by the court and reflects each party’s gross monthly income as well as the amount of child support awarded. However, also attached to the final judgment is a worksheet that calculates the parties’ support obligations based on their prior standard visitation schedule. It is not clear why the court attached this worksheet to the final judgment, and although the mother filed a motion in the trial court to clarify the issue of child support and child support arrears, it does not appear from the record that her motion was ever ruled upon. Therefore, to resolve any confusion, we remand to the trial court to clarify the final judgment by identifying the worksheet used to calculate the child support award and specifically stating each party’s support obligation and the amount of child support awarded.
Next, the mother argues that, assuming the father’s child support worksheet represents the trial court’s findings, the evidence is insufficient to support the child support award because the worksheet was never introduced into evidence at trial. See Reddick v. Reddick, 728 So.2d 374, 375 (Fla. 5th DCA 1999) (“Unless an unsworn child support guideline worksheet is offered into evidence pursuant to stipulation, and subject to a contemporaneous objection, such worksheet alone cannot form the basis for an award of child support.”). Although the father’s worksheet was never marked as an exhibit, both parties stipulated to the admission of their various financial affidavits and child support worksheets and agreed that these documents should be used by the court in calculating child support. The mother also contends that the father’s worksheet contains expenses for child care and support which are not supported by the evidence. However, an examination of the mother’s worksheets reveals that she lists these same sums as expenses of the father. The mother further stipulated to the use of *858 these worksheets and did not complain to the trial court regarding the accuracy of any of the expenses. In light of her stipulation and lack of objection, the mother cannot now argue that the trial court erred in relying on this worksheet to determine the amount of child support. See id. at 376.
Finally, the mother argues that the trial court erred in not including in the final judgment provisions regarding health insurance or uncovered medical expenses for the children. See §§ 61.13(l)(b); 61.30(8), Fla. Stat. (2005). The child support worksheet utilized by the court reflects that health insurance is included in the child support award. Additionally, uncovered medical expenses are addressed in the report of the court-appointed parenting evaluator which is incorporated into the final judgment. That report provides that the parties “should equally share any and all uncovered medical, dental, and vision expenses.” Although technically this is sufficient, we believe that the better course would have been for the trial court to make specific provisions in the final judgment to ensure that both parties understand their obligation for these expenses. Accordingly, on remand, the trial court shall clarify the final judgment by specifically including provisions for the children’s health insurance and uncovered medical expenses and allocating responsibility for the cost of each between the two parties. See Morrow v. Frommer, 913 So.2d 1195, 1198 (Fla. 4th DCA 2005) (holding that the trial court erred in failing to make a determination as to each party’s specific obligation for the child’s medical insurance); Forrest v. Ron, 821 So.2d 1163, 1168 (Fla. 3d DCA 2002) (remanding for clarification as to the father’s obligation for uncovered medical expenses).
Affirmed; remanded in part with directions.
NORTHCUTT and LaROSE, JJ., Concur.