DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**JUSTIN EDWARD JOHNSON,**
Appellant,

v.

**SAMANTHA NICOLE MCCULLOUGH,**
Appellee.

No. 4D13-3358

[August 6, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Krista Marx, Judge; L.T. Case No. 502012DR007344XXXXNB.

Justin Edward Johnson, West Palm Beach, pro se.

Samantha Nicole Gonzalez (McCullough), Reedsport, OR, pro se.

DAMOORGIAN, C.J.

Justin Edward Johnson ("Father") appeals the trial court's final order granting Samantha Nicole McCullough's ("Mother") petition to relocate with the parties' minor children and recalculating child support. We affirm the trial court's order as it pertains to relocation, but reverse the child support recalculation and remand for an evidentiary hearing.

By way of background, the parties were never married, but had two children together (one born in 2005 and the other born in 2008) while living in West Virginia. The parties split up in 2009 and a West Virginia court entered an order naming Mother as the primary parent, granting Father visitation for one week a month plus summers, and requiring Father to pay $495.45 in child support a month. In 2010, both Mother and Father relocated to Florida but continued to abide by the West Virginia order.

While living in Florida, Mother met and married a Coast Guard service-member who was eventually transferred to a base in Oregon. Accordingly, Mother filed a Notice of Intent to Relocate in West Virginia, but the West

Virginia court ruled that jurisdiction properly existed in a Florida court. Mother then filed a Verified Petition for Domestication and Enforcement of Foreign Order in Palm Beach County, requesting that the court domesticate and enforce the West Virginia court's order. She also filed a Petition to Relocate with the children. Father objected to Mother's Petition to Relocate, and, after a failed mediation, the parties proceeded to trial.

At the trial, the parties presented evidence regarding the children's current living situation and how relocation would affect them. After considering the evidence as applied to the statutory factors set forth in section 61.13001(7), Florida Statutes (2012), the court provided a detailed ruling granting Mother's petition for relocation.

After the court issued its oral ruling on relocation, Father's counsel raised the issue of child support, arguing that any costs incurred visiting the children should be deducted from his support obligations. The court then stated that "the child support guidelines have to be recalculated, anyway, as part of the judgment, so I'm going to ask that you do that." A few days later, Mother filed a Child Support Guidelines Worksheet with the court. Father did not stipulate to Mother's Worksheet and filed an amended financial affidavit reflecting different numbers than those used in Mother's Worksheet. The court then entered a written order memorializing its relocation ruling and recalculating Father's child support obligation at $499.14 per month, plus arrears. This number came straight from Mother's Worksheet. Father now appeals both the trial court's ruling on Mother's motion for relocation and its child support calculation.

With respect to the relocation, we hold that the court's determination was supported by substantial competent evidence, and affirm without further comment. *See Botterbusch v. Botterbusch*, 851 So. 2d 903, 904–05 (Fla. 4th DCA 2003) (appellate courts do not engage in reweighing the evidence presented in conjunction with a petition for relocation, but rather look to see if there is substantial competent evidence supporting the court's findings). However, the child support award was not supported by competent, substantial evidence and, therefore, we must reverse.

In making an award of child support, the trial court is required to determine the net income of each parent pursuant to section 61.30, Florida Statutes, and to include such findings in the final judgment. *See Deoca v. Deoca,* 837 So. 2d 1137, 1138.39 (Fla. 5th DCA 2003); *see also* § 61.30(2) (includable income), (3) (allowable deductions), (4)–(5) (determination of net income), Fla. Stat. (2012). The court's findings may be based solely on the parties' child support guideline worksheet, but only

2

if it is "offered into evidence pursuant to stipulation, and subject to a contemporaneous objection." *Reddick v. Reddick,* 728 So. 2d 374, 375 (Fla. 5th DCA 1999).

Here, the court's child support findings were based exclusively on Mother's Worksheet. However, the Worksheet was not admitted into evidence at the trial nor was it stipulated to by Father. Further, there is no other evidence in the record establishing the monthly net income attributed to Father in Mother's Worksheet, and the Worksheet contradicts the amounts listed in Father's financial affidavit. Accordingly, we reverse and remand for a new hearing limited to the recalculation of child support.

*Affirmed in part, Reversed in part, and Remanded.*

FORST, J., and HANZMAN, MICHAEL, Associate Judge, concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***