# Third District Court of Appeal

## State of Florida

Opinion filed November 26, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-85
Lower Tribunal No. 10-28683

_____

**Robert John Albert Van Exter,**
Appellant,

vs.

**Nicole Diodonet-Molina,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

Hinshaw & Culbertson, LLP, and James H. Wyman, for appellant.

Nicole Diodonet-Molina, in proper person.

Before SALTER, EMAS and FERNANDEZ, JJ.

FERNANDEZ, J.

Robert John Albert Van Exter, the father[1], appeals the trial court's Final

Judgment of Paternity, Custody, and Child Support, contending that the trial court

_____

[1] The father is a citizen and resident of the Netherlands. He contracted with a Miami hotel to work as a kitchen intern for a period of time.

erred when it calculated the monthly child support amount, child support arrearages, attorney's fees, and the father's ability to make these payments. We conclude that the trial court abused its discretion in entering the Final Judgment because it failed to make sufficient findings with respect to the father's income.

The father and mother met in February 2010 when they were employees in a Miami hotel. Their relationship ended sometime around September 2010, before their child was born in May of 2011. On October 12, 2010, the mother filed a Petition to Determine Paternity, Custody and Child Support in the Eleventh Judicial Circuit of Miami-Dade County. After a failed mediation attempt, the trial court set the case for trial on July 25, 2012. The trial court entered the Final Judgment on September 18, 2012, granting the mother sole custody and parental responsibility, monthly child support payments, arrearages and attorney's fees. This appeal followed.

The father argues that the trial court failed to determine the father's net income and include findings in the Final Judgment pursuant to section 61.30, Florida Statutes (2012). He further contends that, because the trial court failed to make such findings, the award of child support and arrearages is erroneous.

We agree that the trial court erred when it failed to make sufficient findings in the Final Judgment to clearly establish the father's income and allowable deductions. Our decision rests on the well-established rule that "[c]hild support

2

awards must be based on competent, substantial evidence of a party's net income."

Hoffman v. Hoffman, 98 So. 3d 196, 197 (Fla. 2d DCA 2012) (citing Vanzant v. Vanzant, 82 So. 3d 991, 993 (Fla. 1st DCA 2011)); Hindle v. Fuith, 33 So. 3d 782, 786 (Fla. 5th DCA 2010); Armour v. McMiller, 15 So. 3d 923, 925 (Fla. 5th DCA 2009); Shrove v. Shrove, 724 So. 2d 679, 682 (Fla. 4th DCA 1999).

The trial court must determine the net income of each parent pursuant to section 61.30, Florida Statutes, and include the findings in the final judgment.[2] Armour, 15 So. 3d at 925; see also Deoca v. Deoca, 837 So. 2d 1137, 1138 (Fla. 5th DCA 2003) (holding that the trial court has the burden to determine the child support amounts based on the evidence presented). If the trial court fails to make adequate findings, we are required to remand for determination of child support. Armour, 15 So. 3d at 925; see also Aguirre v. Aguirre, 985 So. 2d 1203, 1207 (Fla. 4th DCA 2008) (reversing a judgment awarding child support because it did not include "explicit factual findings concerning the actual incomes attributable to the parties, the amount and source of any imputed income, the probable and potential earnings level, and the adjustments to income."); Crouch v. Crouch, 898 So. 2d 177 (Fla. 5th DCA 2005); Sumlar v. Sumlar, 827 So. 2d 1079, 1083 (Fla. 1st DCA 2002) (reversing and directing the trial court to "disclose[] the specific numbers that were used to calculate the amount of child support due and the parties'

---

[2] The net income of each parent is then combined to determine the minimum amount of child support needed. § 61.30(6), Fla. Stat. (2012).

3

respective shares . . . [in order to conduct a] . . . meaningful review of its ruling on any child support amount."); Penalver v. Columbo, 810 So. 2d 563, 565 (Fla. 2d DCA 2002) (reversing child support judgment and remanding to consider the proper amount of deductions).

Here, the Final Judgment is devoid of any findings regarding the income of the father and mother. In its judgment, the trial court concluded that the father, based on the Child Support Guidelines, must pay a monthly amount of $711.96. However, the trial court fails to explicitly state how it calculated that amount. The trial court does not include any findings of the father's gross income or applicable deductions. The trial court also failed to include any explicit findings as to the mother's income.

Likewise, the trial court erred when it failed to include in the Final Judgment sufficient findings to establish child support arrearages. The trial court ordered the father to pay $8,507.44 in child support arrearages, in payments consisting of $100 per month for the first year, and $150 for every year thereafter until the $8,507.44 was satisfied. The trial court failed to provide, in the final judgment, any explicit findings to support its award of child support or arrearages and did not include findings establishing the father's ability to make payment. The lack of findings in the final judgment was an abuse of discretion.

The father also claims that the trial court erred when it failed to clearly establish the amount of attorney's fees, including reasonable fees for services performed, and the father's ability to pay attorney's fees. When determining an award of attorney's fees, "[t]he primary factor a judge considers is the financial resources of the parties." Ratigan v. Stone, 947 So. 2d 607, 608 (Fla. 3d DCA 2007) (citing Rosen v. Rosen, 696 So. 2d 697, 700 (Fla. 1997)); see also Derrevere v. Derrevere, 899 So. 2d 1152, 1153 (Fla. 4th DCA 2005) (holding that "the standard for awarding attorney's fees in dissolution cases is . . . the financial ability of the other party to pay."). This determination is properly made at the time of final judgment, when the trial court can determine the proper amount of attorney's fees to award based on the parties' financial situation and ability to pay at the time. See Derevere, 899 So. 2d at 1153.

In the instant case, the trial court's award of attorney's fees is flawed for the same reason that the child support award is flawed. The trial court erroneously concluded that attorney's fees at an hourly rate of $275 per hour and $376 in costs, amounting to $8,057.50 in fees, was reasonable. The trial court further found that the financial situation of the parties was such that both parties should share equally in paying the mother's attorney's fees. The trial court ordered the father to pay $4,216.75 in monthly installments of $250. In support of this conclusion, the trial court simply stated that the 29.3 hours the mother's counsel expended were

"reasonable and necessary due to [the] difficulty in progressing [the] case" with the father. However, at the time of the final judgment, the trial court made no specific findings of the father's ability to pay, as it should have done.

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.