# Third District Court of Appeal

## State of Florida

Opinion filed September 5, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2807
Lower Tribunal No. 16-21953
_____

**Patrick G. Foster,**
Appellant,

vs.

**Monique S. Chong,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Cain & Snihur, LLP, and May L. Cain, for appellant.

Law Offices of Kenneth M. Kaplan, and Kenneth M. Kaplan, for appellee.

Before LOGUE, SCALES and LUCK, JJ.

SCALES, J.

Appellant Patrick G. Foster, the petitioner below, appeals a "Final Judgment of Paternity, Time Sharing/Paternity Plan." Specifically, Foster challenges the

Final Judgment on five grounds. Because (i) we are unable to conclude that the trial court's computation of Foster's child support obligation is supported by competent substantial evidence; and (ii) the Final Judgment neglects to order shared parental responsibility, we reverse and remand for further proceedings on these two issues, but otherwise affirm the Final Judgment.

Appellee Monique S. Chong, the respondent below, and Foster are the parents of a daughter born in 2011. After Chong and Foster separated in late 2012, Foster voluntarily paid $500 per month in child support, not pursuant to a court order. Foster ceased these monthly payments when Chong left Florida with their daughter and moved to Georgia without notifying Foster. In 2016, Foster filed the instant petition seeking a determination of paternity, timesharing and child support.

After conducting a trial on the petition, the trial court entered a Final Judgment that: (i) determined it was in the best interests of the child to reside with Chong; (ii) outlined the parties' timesharing of the child; and (iii) required Foster to pay $1286 per month for child support. Foster appealed the Final Judgment.

The trial court made no written or oral findings to describe how it arrived at Foster's child support obligation, and therefore, the record is unclear as to whether this amount comports with the allocation requirements of chapter 61 of the Florida Statutes. As a result, we are unable to conclude that the child support award of $1268 is supported by competent substantial evidence and are compelled to

reverse. <u>See</u> <u>Van Exter v. Diodonet-Molina</u>, 152 So. 3d 699, 701 (Fla. 3d DCA 2014); <u>see also</u> <u>Ondrejack v. Ondrejack</u>, 839 So. 2d 867, 871-72 (Fla. 4th DCA 2003) (holding that trial court must consider all appropriate statutory factors in determining child support and make specific findings therefor).

Additionally, the Final Judgment suggests, but does not establish with the necessary precision, that Chong and Foster will share parental responsibility. The trial court is required to order shared parental responsibility unless it finds that shared parental responsibility would be detrimental to the child. § 61.13(2)(c)2., Fla. Stat. (2017); <u>Aranda v. Padilla</u>, 216 So. 3d 652, 653 (Fla. 4th DCA 2017).

Affirmed in part; reversed in part and remanded for further proceedings consistent with this opinion.