778 So.2d 498 (2001)
Richard Frank McKENNA, Appellant,
v.
Melinda K. FISHER, Appellee.
No. 5D00-1675.
District Court of Appeal of Florida, Fifth District.
February 23, 2001.
*499 Richard Frank McKenna, San Antonio, TX, pro se.
No Appearance for Appellee.
SAWAYA, J.
Richard McKenna, pro se, appeals the order denying his petition for a temporary reduction of child support during summer visitation, for the award of the dependency tax exemption, for entry of an order requiring the parties to share the increased travel expenses for the child's visitation, and for entry of a contempt order against the mother, Melinda Fisher. Because the trial court applied an incorrect legal standard when ruling on Mr. McKenna's claim for shared travel expenses, we reverse that portion of the order and remand for a hearing thereon. Although his other complaints have facial merit, Mr. McKenna's failure to support his claims with evidence prevented the trial court, and concomitantly this court, from ruling in his favor.
Mr. McKenna, a recent resident of Texas, petitioned the trial court to order Ms. Fisher to share the expense of transporting their child to Texas for visitation with Mr. McKenna, advising the court that an earlier order had required the parties to share travel expenses when Ms. Fisher had changed residences within the State of Florida. The trial court reasoned that because it was Mr. McKenna's decision to move out-of-state, Mr. McKenna should bear the full financial burden of travel expenses for the child's visitation with him. This is not the correct standard by which to test the request. See Drakulich v. Drakulich, 705 So.2d 665, 667 (Fla. 3d DCA 1998) ("The approach taken by the child support guidelines is that childrearing expenses should be shared by the parents in accordance with their financial means. The guidelines statute provides the framework for arriving at a fair and equitable child support award. The expense of transporting the child for visitation must be evaluated within this framework.") (citation omitted); see also Coons v. Coons, 765 So.2d 167 (Fla. 1st DCA) (holding that where there is a significant disparity in parties' incomes, it is appropriate to order the wealthier parent to pay the entire cost of visitation), rev. denied, 773 So.2d 54 (Fla.2000).
While Ms. Fisher may or may not have the financial ability to split evenly the increased travel expenses occasioned by Mr. McKenna's move to Texas, the fact that she was apparently under an order to share expenses when travel was in-state demonstrates that she has the ability to at least contribute to the travel expense. The trial court applied an improper test the voluntariness of the out-of-state moveto deny Mr. McKenna's petition. Accordingly, we reverse the portion of the order denying Mr. McKenna's request for a contribution towards travel expenses and remand for consideration under the appropriate standard.
AFFIRMED in part; REVERSED in part; REMANDED for further proceedings.
ORFINGER, R.B., J., concurs.
COBB, J., concurs in part, dissents in part, with opinion.
COBB, J., concurring in part, dissenting in part.
I would affirm in all respects. It was within the discretion of the trial court to deny Mr. McKenna's request that Ms. Fisher share the expense of transporting their child to Texas for visitation with him. I disagree with the concept that transportation costs associated with visitation resulting from the non-custodial parent's voluntary move out of state are simply another aspect of child rearing and are assessable *500 based solely upon a need and ability to pay analysis. Such a rule improvidently restricts the authority of the trial court to consider all relevant factors relating to the issue. It permits a non-custodial parent to take unilateral action without any consideration whatsoever of the best interest of the child and bill the financially superior custodial parent for the ramifications of that decision as it affects visitation.
The trial court should consider all factors relating to a move in determining whether contribution by the custodial parent to the costs of visitation is appropriate. These include the reason for the move, the number of moves, the distance involved, and the frequency of visitation. There may be other factors appropriate to a particular case.
The fact that the trial court here had previously exercised its discretion in ordering the parties to share expenses for instate visitation should not bind the court to likewise order such expense sharing where the non-custodial parent elects to move half way across country. Rather the trial court should be permitted to exercise its informed discretion in considering whether to apportion said cost. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).