ORFINGER, J.
 

 Rachael Fuller, the mother, appeals from the final judgment of dissolution of marriage from Michael Fuller, the father, arguing that the trial court erred by
 
 *1109
 
 awarding primary residential custody of the parties’ three-year-old son to the father and imputing an annual income of $30,000 to her. The father concedes that the amount of imputed income is not supported by competent evidence and that remand on that issue is appropriate. We conclude that the trial court’s ruling on primary residential custody is likewise unsupported by competent evidence and reverse for further proceedings.
 

 The parties’ three-year marriage produced one child who was two-and-one-half years old when the dissolution proceedings commenced. The primary dispute at trial centered on child custody. At the conclusion of the trial, the court discussed the factors governing primary residential custody and found the parties to be generally equal except in one respect:
 

 THE COURT: Frankly, the only fact that the Court finds to be important and relevant in addition to those factors would be the wife’s apparent disposition to draw unreasonable and alarming and hysterical inferences from innocuous facts.
 

 Now, based on these factors, this is basically a case in which the Court will make a determination as to who should be the primary residential parent, based on a negative, which the wife’s predisposition to draw hysterical and unreasonable inferences from innocuous facts, that appears to be the linchpin in the case and the Court will award the husband the primary residential parent [sic] as a result and in the hopes the husband will maintain some level of flow in control, so that we do not have unreasonable positions that were taken in so far as normal activities for the child, such as being exposed to someone having cocktails or such as climbing a flight of stairs or being in a home that has a swimming pool.
 

 These findings were incorporated into the written final judgment, and after the mother’s motion for rehearing was denied, this appeal followed.
 

 In making an initial custody determination, the trial court must evaluate the noninclusive factors set forth in section 61.13(3), Florida Statutes (2007), and determine what residential arrangements would be in the best interests of the child.
 
 See Adair v. Adair,
 
 720 So.2d 316, 317 (Fla. 4th DCA 1998);
 
 see also Burgess v. Burgess,
 
 347 So.2d 1078, 1079 (Fla. 1st DCA 1977) (stating that polestar for guidance in custody proceedings is best interests of child). Here, the record supports the trial court’s determination that both parents were equal in most respects. The record shows that both parents were likely to allow the other frequent and continuing contact with the child and both parents have love, affection, and emotional ties with their child. However, there was no competent, substantial evidence to support the trial court’s ultimate determination, the “linchpin” as the court deemed it, that the father should be awarded primary residential custody of the child based on the mother’s “apparent disposition to draw unreasonable and alarming hysterical inferences from innocuous facts.” For example, contrary to the trial court’s determination that the mother’s concern about the effect of the father’s smoking on the child was “irrational,” it was not disputed that the father is a smoker and the child has asthma and allergies, which are treated with numerous medications. Further, her concern about liquor being in the home was founded on the father’s failure to childproof the liquor cabinet, medicine cabinet or any other part of the house and not, as the trial judge concluded, based on a concern that the father was an alcoholic or prescription drug abuser.
 

 
 *1110
 
 Because these factors weighed so heavily in the trial court’s decision, we must remand the matter for a new trial. We affirm the final judgment to the extent that it dissolved the parties’ marriage. We reverse the remainder for a new trial before a different judge.
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 MONACO, C.J., and GRIFFIN, J., concur.