ORFINGER, J.
 

 ON MOTION FOR REVIEW UNDER FLORIDA RULE OF APPELLATE PROCEDURE 9.400(C)
 

 This matter makes its second appearance before this Court. Previously, we reversed the trial court’s order regarding child custody and imputation of income.
 
 Fuller v. Fuller,
 
 13 So.3d 1108 (Fla. 5th DCA 2009). We also entered an order granting the former wife’s motion for appellate attorney’s fees conditioned upon a finding by the trial court of need and a commensurate ability to pay after appropriate consideration of the financial resources of both parties. On remand, the trial court conducted a hearing on the fee issue. At that hearing, the parties agreed that: (a) the former husband’s gross annual income is $70,000; (b) the former wife’s gross annual income is $20,000; and (c) the former wife reasonably expended $15,337.50 for the services of her appellate attorney. After considering the evidence, the trial court issued an order, without factual findings, concluding that while the former wife had demonstrated that she had a need for assistance with the payment of her attorney’s fees, she had not demonstrated that the former husband had the ability to pay those fees. We review this case pursuant to Florida Rule of Appellate Procedure 9.400(c).
 

 Need and the ability to pay are the primary considerations in deciding entitlement to attorney’s fees in a dissolution proceeding.
 
 Rosen v. Rosen,
 
 696 So.2d 697 (Fla.1997). The idea is to “ensure that both parties have similar access to competent legal counsel.”
 
 Id.
 
 at 699. After reviewing the equitable distribution of assets, the relative financial resources of the parties, as well as the significant disparity in income between the former husband and former wife, we conclude that the trial court erred in not awarding attorney’s fees to the former wife. Accordingly, we reverse the trial court’s order and remand for the entry of an order awarding the former wife her appellate attorney’s fees. In the discretion of the trial court, a reasonable payment schedule may be established.
 

 REVERSED and REMANDED.
 

 MONACO, C.J., and GRIFFIN, J., concur.