ORFINGER, J.
 

 The father, Karl E. Hindle, appeals a final judgment of paternity, which determined that Florida courts have jurisdiction over the custody dispute concerning the parties’ eight-year-old daughter; granted custody of the child to the mother, Sheila K. Fuith; ordered monthly child support; and placed the burden of visitation costs entirely on the father. We find that the circuit court had subject matter jurisdiction to make an initial custody determination and acted within its discretion in granting custody to the mother. ’’ However, we reverse as to the child support and visitation costs.
 

 Subject matter jurisdiction over child custody matters is governed by the Uniform Child Custody Jurisdiction Enforcement Act (“UCCJEA”), sections 61.502 to 61.542, Florida Statutes (2003).
 
 [1]
 

 See Arjona v. Torres,
 
 941 So.2d 451, 454 (Fla. 3d DCA 2006). One of the stated purposes of the UCCJEA is to “[ajvoid jurisdictional competition and conflict with courts of other states in matters of child custody.” § 61.502(1), Fla. Stat. (2003). Under the UCCJEA, a foreign country is treated “as if it were a state of the United States” for purposes of applying the provisions of the UCCJEA. § 61.506(1), Fla. Stat. (2003). A Florida court has jurisdiction to make an initial child custody determination if Florida “is the home state of the child on the date of the commencement of the proceeding.” § 61.514(l)(a), Fla. Stat. (2003).
 
 [2]
 
 “Home state” is defined in relevant part as “the state in which a child lived with a parent or person acting as a parent for at least 6 consecutive months immediately before the commencement of a child custody proceeding.... A period of temporary absence of any of the mentioned persons is part of the period.” § 61.503(7), Fla. Stat. (2003).
 

 The UCCJEA gives jurisdictional priority to the child’s home state.
 
 Arjona,
 
 941 So.2d at 455. However, the UCCJEA grants an exception to the home state ju
 
 *785
 
 risdictional requirement when “[a] court of another state does not have jurisdiction § 61.514(l)(b), Fla. Stat. (2003). Therefore, under the UCCJEA, even if Florida is not the child’s home state, Florida may exercise subject matter jurisdiction over a child custody matter if another state does not have jurisdiction.
 

 On the date that the paternity action was commenced in this ease, Florida was not the “home state” of the child because the child had not lived in Florida for six consecutive months prior to the commencement of the paternity action in November 2003. § 61.503(7), Fla. Stat. (2003). However, no other state had jurisdiction since the mother and the child had lived in several states in the six months prior to their arrival in Florida and the commencement of the paternity action. § 61.514(l)(a)-(b), Fla. Stat. (2003). As a result, because no court of any other state would have had jurisdiction under section 61.514, the Florida trial court had jurisdiction to make an initial custody determination.
 

 In making an initial custody determination, the trial court must evaluate the non-inclusive factors listed in section 61.13(3), Florida Statutes, and determine the best interests of the child.
 
 See
 
 § 61.13, Fla. Stat. (2008);
 
 Fuller v. Fuller,
 
 13 So.3d 1108, 1109 (Fla. 5th DCA 2009);
 
 see Burgess v. Burgess,
 
 347 So.2d 1078, 1079 (Fla. 1st DCA 1977) (stating that polestar for guidance in custody proceedings is best interests of child). However, there is no statutory requirement that the trial court make specific written findings in a custody decision.
 
 See Adair v. Adair,
 
 720 So.2d 316, 317 (Fla. 4th DCA 1998);
 
 Murphy v. Murphy,
 
 621 So.2d 455, 456-57 (Fla. 4th DCA 1993). Thus, a final judgment is not erroneous simply for failing to list the factors on which it relied in making its determination.
 
 Aguirre v. Aguirre,
 
 985 So.2d 1203, 1206 (Fla. 4th DCA 2008).
 

 Here, the court found that it was in the best interest of the child that the mother have primary residential custody. A finding that primary residential custody is in the “best interests” of the child, whether made in the final judgment or at trial, is sufficient to uphold a custody determination so long as there is substantial competent evidence in the record that permits the court to properly evaluate the relevant factors.
 
 Aguirre,
 
 985 So.2d at 1206;
 
 see Clark v. Clark,
 
 825 So.2d 1016, 1017 (Fla. 1st DCA 2002);
 
 Bader v. Bader,
 
 639 So.2d 122 (Fla. 2d DCA 1994). Because no transcript of the final hearing is contained in the record, this Court can review only errors that appear on the face of the judgment.
 
 Casella v. Casella,
 
 569 So.2d 848, 849 (Fla. 4th DCA 1990). As no error appears on the face of the judgment, this Court is unable to review the eviden-tiary basis of the court’s ruling, and must affirm on appeal.
 
 Aguirre,
 
 985 So.2d at 1206.
 

 However, our review of the judgment does reveal several matters requiring further consideration. In determining child support, the court found that the mother earned $8 per hour working twenty hours per week. With respect to the father’s income, the court found that he “has the capacity to be employed[,] earning at least minimum wage and has no disability that would prevent him from working a full-time schedule of forty (40) hours per week.” The court then calculated the father’s current child support obligation to be $623.53 per month, and determined that he owed retroactive child support in the amount of $29,154. The judgment required the father to pay $124.71 per month toward the arrearage for a total support obligation of $748.24. However, in calculating child support, the
 
 *786
 
 court never disclosed the net incomes of each party and the parties’ respective shares of the child support expenses. And, the Child Support Guidelines Worksheet, which would have provided some insight on this issue, was not attached to the final judgment of paternity as the final judgment indicated.
 
 [3]
 

 Child support awards must be supported by substantial competent evidence.
 
 Reddick v. Reddick,
 
 728 So.2d 374 (Fla. 5th DCA 1999). The failure to make adequate findings requires remand for determination of child support.
 
 Armour v. McMiller,
 
 15 So.3d 923, 925 (Fla. 5th DCA 2009);
 
 Crouch v. Crouch,
 
 898 So.2d 177 (Fla. 5th DCA 2005). In making an award of child support, the trial court is required to determine the net income of each parent pursuant to section 61.30, and to include findings in the final judgment.
 
 See Deoca v. Deoca,
 
 837 So.2d 1137, 1138 (Fla. 5th DCA 2003);
 
 see also
 
 § 61.30(2) (includable income), (3) (allowable deductions), (4)-(6) (determination of net income), Fla. Stat. (2008). On remand, the trial court shall make sufficient findings to permit meaningful review of its ruling on any child support amount, both monthly and retroactive.
 
 See, e.g., Aguirre,
 
 985 So.2d at 1207 (explaining that final judgment is facially erroneous, requiring remand, where it does not make any findings as to net income of each party as starting point for calculating child support or explain how calculation was performed);
 
 Sumlar v. Sumlar,
 
 827 So.2d 1079, 1083 (Fla. 1st DCA 2002) (explaining that final judgment must include factual findings sufficiently specific to allow reviewing court to ascertain basis of calculations relating to child support);
 
 Savery v. Savery,
 
 670 So.2d 1034, 1035 (Fla. 4th DCA 1996) (explaining that to determine child support, trial court required to make specific findings with regard to parties’ net incomes, derived from gross incomes minus allowable deductions).
 

 The father also contends that the trial court erred when it ordered him to bear all visitation costs associated with visiting the child in Florida. He contends that these costs should be borne equally by both parents. The child was born in the United Kingdom where the father resides and removed to Florida by the mother’s unilateral decision. The trial court ruled that the father can only visit the child in Florida, thereby, incurring substantial travel expenses to effectuate his visitation.
 

 The expense of visiting the child in Florida from the father’s residence in the United Kingdom is a childrearing expense like any other.
 
 See Miller v. Miller,
 
 826 So.2d 480 (Fla. 1st DCA 2002);
 
 Drakulich v. Drakulich,
 
 705 So.2d 665, 667 (Fla. 3d DCA 1998). Child support guidelines provide that transportation expenses,
 
 *787
 
 like other childrearing costs, should be shared by the parents in accordance with their financial means.
 
 McKenna v. Fisher,
 
 778 So.2d 498, 499 (Fla. 5th DCA 2001). On remand, the trial court is directed to reconsider the visitation expense issue.
 
 See Bevil v. Carson,
 
 966 So.2d 1007, 1009 (Fla. 5th DCA 2007).
 

 AFFIRMED in part; REVERSED in part; REMANDED.
 

 TORPY and LAWSON, JJ., concur.
 

 [1]
 

 . “Subject matter jurisdiction — the 'power of the trial court to deal with a class of cases to which a particular case belongs’ — is conferred upon a court by constitution or by statute."
 
 Strommen v. Strommen,
 
 927 So.2d 176, 179 (Fla. 2d DCA 2006) (quoting
 
 Cunningham v. Standard Guar. Ins. Co.,
 
 630 So.2d 179, 181 (Fla. 1994)). Parties cannot agree to jurisdiction over the subject matter where none exists, and the defense of lack of subject matter jurisdiction can be raised at any time.
 
 Cunningham,
 
 630 So.2d at 181. “A trial court’s lack of subject matter jurisdiction makes its judgments void....”
 
 Strommen,
 
 927 So.2d at 179.
 

 [2]
 

 . Contrary to the mother’s contention, section 61.1312, Florida Statutes (2002), does not apply in this case. In 2002, the Florida Legislature adopted the UCCJEA, to replace the Uniform Child Custody Jurisdiction Act, sections 61.1302 to 61.1348, Florida Statutes, which had included that section. The UCCJEA became effective on October 1, 2002.
 
 See
 
 ch. 2002-65, Laws of Fla. As this paternity action was commenced in November 2003, the applicable statute is section 61.514, Florida Statutes.
 

 [3]
 

 . We cannot determine how the court calculated the father's child support obligation. At the time that the final judgment was entered, the federal minimum wage was $6.55 per hour, which multiplied by 40 totals $262 per week and a
 
 gross
 
 salary of $1,126.60 per month. The court found that the mother earned $8 per hour, which multiplied by 20 hours, totals a
 
 gross
 
 salary of $688 per month. Thus, the parties’ combined
 
 gross
 
 income is $1,814.60, which under the guidelines provides for the sum of $400 to $410 in monthly child support. While it does not appear that the court used the parties’ financial affidavits, even if calculated based on those numbers (which include the father’s disability checks), the court's child support calculation is still unclear. According to the father, he has a
 
 net
 
 monthly income of $2,823.01 and the mother calculates her
 
 net
 
 income as $1,161.75, for a combined
 
 net
 
 income of $3,984.76, which under the guidelines provides for $819 to $828 in monthly child support. If the court did use the father's disability benefits to calculate the child support obligation (after finding that he was not disabled), then it must make specific findings, clarifying this source of income.