PALMER, J.
Eva Poropat (wife) appeals the order entered by the trial court denying her motion for contempt against appellee, Mark Poropat (husband), and/or enforcement of the parties’ final dissolution judgment. Determining that the order, on its face, contains a calculation error, we reverse.[1]
In 2005, a final judgment was entered dissolving the parties’ marriage. The final judgment of dissolution incorporated the parties’ marital settlement agreement. In 2007, the wife filed a motion for contempt and/or enforcement, alleging that she had fully satisfied her financial obligations under the marital settlement agreement but that the husband had failed to satisfy his obligations under the agreement. Following a hearing, the trial court denied the wife’s motion and entered an order concluding that the wife was entitled to receive various credits against a $170,000.00 debt she owed the husband as a result of the marital settlement agreement. After *508 applying those credits, the trial court found that the husband was entitled to a judgment against the wife in the amount of $15,000.00.
The wife contends that the trial court’s order contains a calculation error since applying the listed credits against the $170,000.00 debt would result in a net credit to her of $10,500.00, rather than a net credit to the husband of $15,000.00. Specifically, the order indicated that the wife was entitled to credits of $36,000.00, $32,000.00, $10,000.00, and $102,500.00.
Although we would normally remand to the trial court with directions to correct the order to reflect the wife’s credit of $10,500.00, we are hampered by the fact that no transcript of the proceedings below is included in the record. Because the wife failed to provide this court with a transcript of the hearing on her motions, it is not possible for us to definitively determine whether the order contains a simple mathematical or some other type of error, such as the exclusion of some credit for the husband which would explain the calculation arrived at by the trial court.
Accordingly, we reverse and remand to the trial court to correct the mathematical error which is reflected on the face of the order. See Hindle v. Fuith, 33 So.3d 782 (Fla. 5th DCA 2010).
REVERSED and REMANDED.
SAWAYA, J., and ROUSE, R„ Associate Judge, concur.

. This court possesses jurisdiction over the trial court’s non-final order pursuant to rule 9.130(a)(4) of the Florida Rules of Appellate Procedure.