MUNYON, L.T., Associate Judge.
The former husband, David Gunn, appeals the trial court’s order granting attorney’s fees to the former wife, Krista Ub-bels, in a modification proceeding. We reverse.
The standard of review for an award or denial of attorney’s fees in a dissolution of marriage proceeding is abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). In permitting an award of attorney’s fees in dis *421 solution and post-dissolution proceedings, the purpose of section 61.16(1), Florida Statutes (2010), is to ensure that both parties have similar financial ability to obtain competent legal counsel. Rosen v. Rosen, 696 So.2d 697, 699 (Fla.1997). To make this determination, the trial court must consider the relative financial resources of the parties. Kouzine v. Kouzine, 44 So.3d 213, 215 (Fla. 5th DCA 2010). In addition, the trial court must make findings of the requesting spouse’s need for such fees and the other spouse’s ability to pay them. Fuller v. Fuller, 29 So.3d 380 (Fla. 5th DCA 2010); Lovell v. Lovell, 14 So.3d 1111 (Fla. 5th DCA 2009); Zahringer v. Zahringer, 813 So.2d 181 (Fla. 4th DCA 2002).
Here, the trial court failed to address the former wife’s need for an award of attorney’s fees. Moreover, the trial court’s finding that the former husband had the ability to pay a fee award focused solely upon the former husband’s disposition of an asset following the modification proceeding. In a determination of the parties’ financial resources, a trial court must consider all assets and sources of income of both parties, and not merely one isolated factor. Crick v. Crick, 78 So.3d 696 (Fla. 2d DCA 2012); Stoler v. Stoler, 679 So.2d 837 (Fla. 2d DCA 1996). Absent these necessary findings, the fee award must be reversed.[1]
The matter is remanded with directions to the trial court to enter appropriate findings of fact based upon the evidence in the record. To the extent that the parties failed to carry their evidentiary burden on this issue, they should not be permitted to benefit by the remand and receive an additional opportunity to prove their case.
REVERSED AND REMANDED.
JACOBUS, J., and HARRIS, C. M., Senior Judge, concur.

. In Rosen, the Florida Supreme Court concluded that in addition to the financial resources of the parties, other relevant circumstances could be considered, such as the scope, history, duration and course of litigation, the merits of the respective positions, and whether the litigation was brought or maintained primarily to harass, stall or frustrate. 696 So.2d at 700. However, nothing in the record before us supports an award of attorney’s fees under the additional Rosen factors. The record is devoid of any evidence of litigation tactics or positions that were frivolous or taken merely to harass or frustrate the adverse party.