IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOHN D. SICKELS,

      Appellant,

 v.

ROBIN M. SICKELS,

      Appellee.

Case No.  5D16-2399

_____/

Opinion filed June 30, 2017

Appeal from the Circuit Court
for Lake County,
G. Richard Singeltary, Judge.

Samuel A. Walker, Russell J. Frank, and
Tee Persad, of CPLS, P.A., Orlando, for
Appellant.

Robin M. Sickels, Minneola, pro se.


EISNAUGLE, J.

Former Husband appeals a supplemental final judgment of dissolution of marriage and order for relocation, which separated the parties' three minor children between the parents.  The supplemental final judgment granted Former Husband's relocation request in part, permitting the parties' now-fifteen-year-old twins to relocate to Virginia with him, but denied the request as to the parties' third child, A.S., a nine-year-old boy, who was ordered to remain with Former Wife in Florida. On appeal, Former Husband argues that

the trial court abused its discretion by: (1) separating the siblings without a compelling reason; (2) failing to award him child support; and (3) requiring Former Husband to pay all transportation expenses relating to timesharing.  We reverse.

When they filed the dissolution of marriage action, both parents resided in Florida. The original parenting plan adopted by the trial court initially provided for rotating timesharing between the parents with Former Husband paying monthly child support. Subsequently, Former Husband, who lost his teaching job in Florida, received a job offer in Virginia, where his extended family resides.  He petitioned the trial court to relocate the minor children to Virginia pursuant to section 61.13001, Florida Statutes (2015). After an evidentiary hearing on the petition, the trial court rendered a judgment separating the children between the parties, ordering Former Husband to "be responsible for all transportation costs associated with transporting the minor children for timesharing with the Mother," and that "[a]s a result of the two oldest minor children residing with Father, and Father being responsible for transportation costs, neither parent [would] be required to pay child support to the other."  Former Husband appealed.

## Compelling Reason to Separate Siblings

First, the trial court erred when it separated the siblings without a compelling reason to do so.  Although there are circumstances that justify separating siblings, "the children in a family should not be separated from each other and distributed about in different homes, except for the most compelling cause." *Myrick v. Myrick*, 523 So. 2d 172, 172 (Fla. 2d DCA 1988) (quoting *Arons v. Arons*, 94 So. 2d 849, 853 (Fla. 1957)).

Here, the judgment lacks any finding of a compelling reason to separate the siblings. The trial court's finding that A.S. is doing well in his current placement does not, by itself, justify separating him from his siblings. Likewise, the trial court's finding that there is no evidence that relocating to Virginia will be an improvement for A.S., by itself, is not a compelling reason. Rather, to overcome the principle set forth in *Arons*, any reason to separate A.S. from his siblings must necessarily be based upon evidence that relocating to Virginia would be detrimental to A.S. On remand, if the trial court again separates the siblings, it must make findings of a compelling reason to do so.

**Child Support / Transportation Expenses**

Second, the trial court erred, in a split custody situation, when it failed to award Former Husband child support. "Although the child support guidelines set forth in section 61.30, Florida Statutes, do not address a split custody situation, where, as here, both parties earn income, it is an abuse of discretion not to award both parties child support." *McKenna v. McKenna,* 31 So. 3d 890, 891 (Fla. 4th DCA 2010). In a case where both parties owe a support obligation, the trial court may set-off the respective obligations of the parties and order a net child support award. *See Kelley v. Kelley*, 987 So. 2d 1246, 1248 (Fla. 5th DCA 2008). As in *McKenna*, although the judgment in this case does not include the findings required by section 61.30, the record does indicate that both parties earn income.

As such, on remand, if there is a compelling reason to separate the siblings, and a modification of support is appropriate, the trial court must calculate an award of child support to both parties. In such a case, the trial court should make the findings required

3

by section 61.30, including calculating the amount of support owed to each child and the net income of the parties.

Finally, the trial court erred by ordering Former Husband to pay all timesharing transportation expenses. In *Hindle v. Fuith*, 33 So. 3d 782 (Fla. 5th DCA 2010), this Court held that "[c]hild support guidelines provide that transportation expenses, like other childrearing costs, should be shared by the parents in accordance with their financial means." 33 So. 3d at 786-87 (citing *McKenna v. Fischer*, 778 So. 2d 498, 499 (Fla. 5th DCA 2001)). In contravention of *Hindle*'s mandate, the judgment in this case required Former Husband to bear all transportation costs necessary to effectuate the timesharing schedule, without findings concerning each party's financial means. Although there is record evidence that Former Husband's income substantially exceeds that of Former Wife, on remand, the trial court must apportion timesharing transportation expenses according to the parties' financial means.

Therefore, the supplemental final judgment is reversed, and this case is remanded for the trial court to determine whether there is a compelling reason to separate the siblings, and if child support is modified, to do so in accordance with this opinion.

REVERSED and REMANDED.

SAWAYA and EVANDER, JJ., concur.

4