PER CURIAM. Wife appeals the marital dissolution final judgment that Husband submitted ex parte, and the trial judge adopted verbatim. It is well known that adopting a proposed final judgment, verbatim, without any modification, especially with no judicial pronouncements of any rulings or findings, is frowned upon. We affirm the portion of the judgment that dissolved the parties’ marriage, but reverse the balance in its entirety and remand for entry of an amended final judgment. The parties’ marriage was dissolved after nearly twelve years. The issues for the one-day trial included alimony, child support, equitable distribution of marital property, creation of a parenting plan with time-sharing, a request for partition of the marital home, and requests for attorney’s fees. At the conclusion of trial, the trial judge did not entertain closing arguments, nor did he announce or otherwise indicate any findings or rulings. Rather, he instructed both sides to submit proposed final judgments to the trial judge’s assistant, and both sides timely complied. For reasons that are not clear, Husband submitted his proposal without providing a copy to Wife; thus, she had no opportunity to review, comment on, or object to any aspect of Husband’s proposed judgment. Approximately six weeks post-trial, the trial court adopted Husband’s version, including all of its attachments, and entered it without making any changes. The trial court denied Wife’s timely filed motion seeking rehearing or a new trial. We recognize that in dissolution proceedings it is common for the judge to direct each side to submit its proposed final judgment for consideration. See Merkin v. Merkin, 804 So.2d 595, 598 (Fla. 2d DCA 2002). “Although a trial court may request, as it did in this case, that counsel for both parties submit a proposed final judgment, the court may not adopt the judgment verbatim, blindly, or without making in-court findings.” Rykiel v. Rykiel, 795 So.2d 90, 92 (Fla. 5th DCA 2000), quashed on other grounds, 838 So.2d 508 (Fla. 2003). The appearance of impropriety exists when the trial judge adopts verbatim one party’s one-sided final judgment, especially where the judge did not orally announce findings or rulings during or at the end of trial. The possible impropriety is that the trial judge may be perceived to have delegated his decision-making authority to Husband’s counsel because it does not appear that the judge independently made factual findings and legal conclusions. The Florida Supreme Court set forth clear guidelines for dealing with party-submitted proposed judgments in marital dissolutions in Perlow v. Berg-Perlow, 875 So.2d 383, 384 (Fla. 2004): (1) [T]he trial judge may ask both parties or one party to submit a proposed final judgment; (2) if proposed final judgments are filed, each party should be given an opportunity to review the other party’s proposed final judgment and make objections; (3) if only one party submits a proposed final judgment, there must be an opportunity for review and objections by the opposing party; and (4) prior to requesting proposed final judgments, the trial judge should, when possible, indicate on the record the court’s findings of fact and conclusions of law. During the trial phase in this case, the trial judge made no indication on how he might rule on any of the many issues, nor did he announce any findings of fact. Nevertheless, Husband’s proposed judgment included very specific findings and rulings on disputed issues such as imputation of income, parental evaluations using statutory considerations, valuation and distribution of marital assets and liabilities, retroactive and future child support, and others. “It is ... difficult to believe, on such fact-intensive issues as presented here, that an attorney can be so omniscient as to the court’s findings that they could be entirely correct without a single edit where the court made no rulings in open court.” Ross v. Botha, 867 So.2d 567, 572 (Fla. 4th DCA 2004) (citation omitted). “Unfortunately, proposed orders prepared by one side are frequently one-sided as to findings and rulings.” Id. Predictably, all rulings and findings on disputed issues in Husband’s proposed judgment were one-sided, favoring Husband. As noted above, Husband did not provide a copy of his proposed judgment to Wife; thus, the trial judge did not have the benefit of receiving any objections or corrections from Wife prior to entering the judgment. Furthermore, the potential harm in verbatim adoption of one party’s proposed judgment was compounded here because the final judgment contains numerous errors, including many findings that are not supported by competent substantial evidence in the record.[1] We note that the one-sided nature of the judgment was consistent, as all of the errors favored Husband and prejudiced Wife. The numerous errors only add to our conclusion that the judgment cannot stand. Accordingly, we affirm the portion of the final judgment dissolving the marriage, reverse the balance of the final judgment in its entirety, and remand for entry of an amended final judgment.[2] AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS. EVANDER, EDWARDS, and EISNAUGLE, JJ., concur. . The errors include but are not limited to: inappropriately imputing a higher income to Wife, using a lower than actual income for Husband, misstating the net valuation of the marital home, miscalculating overnights each parent shared with the children following separation, miscalculating financial contributions made by each parent to the children’s care and provision of health insurance, failing to credit Wife for payments of marital debts, failing to include valuable marital assets possessed by Husband in the calculation of equitable distribution, awarding Husband ultimate decision-making authority on all issues regarding the children, and ordering Wife to contribute to Husband’s attorney’s fees despite financial inability to pay. . The trial judge should consider-whether to take further evidence, given the passage of time since the original trial and entry of the original judgment.'