SLEET, Judge. Richard H. Lockett (the Husband) challenges the trial court’s final judgment of dissolution of his marriage to Stephanie M. Lockett (the Wife). We reverse the final judgment to the extent that it entered a default against the Husband as to the issue of alimony. We also reverse the trial court’s child support award and remand for recalculation. Additionally, we dismiss for lack of jurisdiction the portion of this appeal that challenges the trial court’s determination that the Wife is entitled to attorney fees. In all other respects, we affirm. On March 25, 2014, the Wife filed her petition for dissolution of marriage, and on June 5, 2014, the Husband filed his answer and counterpetition, in which he sought alimony. Between that time and the final hearing on May 19, 2015, the Wife filed two motions to compel the Husband to comply with her discovery requests and three motions seeking to hold the Husband in contempt for his failure to comply with various trial court orders concerning discovery as well as other matters. In the Wife’s third contempt motion, she requested that the trial court strike the Husband’s pleading for alimony as a sanction for his noncompliance. At the final hearing, the trial court heard argument on the Wife’s request and orally ruled that it was finding the Husband “in contempt” and striking his alimony pleading as a sanction for his failure to comply with its previous discovery order. Accordingly, the court refused to allow the Husband to provide evidence or make argument as to his entitlement to alimony. In its written final judgment, the court found that the “Husband has failed to comply with Court Orders compelling discovery in this matter” and concluded that the “Husband’s disobedience of'Court Orders raises just cause for this court to render a judgment of default against [the] Husband.” As such, with regard to alimony, the final judgment ruled that “[n]o alimony shall be paid by either party to the other as spousal support, whether temporary, permanent, or rehabilitative.” The Husband argues on appeal that this was error because the trial court failed to make a finding on the record that he was willfully or deliberately noncompli-ant with its discovery orders. We .agree. Florida Rule of Civil Procedure 1.380(b)(2)(C) states: “If a party .:. fails to obey an order to provide or permit discovery ... the court in which the action is pending may make ... [a]n order striking out pleadings or parts of them ... or rendering a judgment by default against the’disobedient party.” The standard by which [orders of dismissal or default for failure to comply with discovery requirements] shall be reviewed is whether there was an abuse of discretion.... Yet, it is for the very reason that the trial judge is granted so much discretion to impose this severe sanction that we have determined that the subject order should contain an explicit finding of willful noncompliance. Commonwealth Fed. Sav. & Loan Ass’n v. Tubero, 569 So.2d 1271, 1273 (Fla. 1990) (emphasis added) (answering affirmatively the certified question of whether “an express written finding of willful or deliberate refusal to obey a court order to comply with discovery under [rule] 1.380 [is] necessary to sustain the severe sanctions of dismissal or default against a noncomplying plaintiff or defendant”); see also Neal v. Neal, 636 So.2d 810, 812.(Fla. 1st DCA 1994) (“An express written finding of willful or deliberate refusal to obey a court order to comply with discovery is necessary to sustain the severe sanctions of dismissal or default against a noncomplying plaintiff or- defendant.”); cfi Patton v. Dep’t of Health & Rehab. Servs., Office of Child Support Enft ex rel. D.A.R., 620 So.2d 1107, 1109 (Fla. 2d DCA 1993) (“The-failure to include specific reasons for the imposition of sanctions, though reversible error if attacked on plenary appeal, does not' render a judgment ’void’ as that term is used in ... rule 1.540.”). However, “no ’magic words’ are required but rather only a finding that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard.” Commonwealth Fed. Sav. & Loan, 569 So.2d at 1273. In the instant case, the trial court’s order fails to include an express finding that the Husband acted deliberately and willfully in failing to comply with the court’s discovery orders. That omission is especially problematic here where the Husband did file some discovery but the Wife contended that his responses were insufficient or'meaningless. Accordingly, we reverse the portion of the final judgment that rendéis a default judgment against the Husband 'as to the issue of alimony and remand for further proceedings.[1] On remand, the trial court may “reconsider the sanction imposed in order to determine whether there was a deliberate or willful disregard of the [trial court’s] discovery order[s].” See Tubero v. Chapnich, 552 So.2d 932, .935 (Fla. 4th DCA 1989), approved, Commonwealth Fed. Sav. & Loan, 569 So.2d 1271. The Husband also argues on appeal that the trial court erred in calculating' child support. We’agree, and the Wife concedes, that the trial court erred in failing to apply the substantial timesharing formula set forth in section 61.30(11)(b), Florida Statutes (2015). See also § 61.30(1)(a) (mandating that the formula in subsection (ll)(b) be used “whenever any of the children are required by court order or mediation agreement to spend a substantial amount of. time with either parent”). We also conclude, and the Wife again concedes, that the trial court erred by splitting the children’s health care expenses equally instead of on a pro rata basis and in imposing. an equal division of school tuition where there is no tuition for the children’s school. We therefore reverse these portions of the final judgment' and remand for correction and recalculation of child support. Finally, the Husband argues on appeal that the trial court erred in granting-the Wife attorney fees. However, we do not have jurisdiction over this issue because although the trial court found that the Wife is entitled to fees, it did not award an amount. See McIlveen v. McIlveen, 644 So.2d 612, 612 (Fla. 2d DCA 1994) (holding that an order that only determines the. right to fees without setting an amount is a nonappealable nonfinal order). Affirmed in- part, reversed in part, dismissed in part, and remanded for further proceedings consistent with this opinion; LaROSE, C.J., and VILLANTI, J., Concur. . On appeal, the Husband also argues that there was no evidence below to support a finding that he was "in contempt” of the court’s orders. Although in its oral ruling the trial court-used the term "in contempt,” it-is clear from the record before us that the trial court struck the Husband’s alimony pleading pursuant to rule 1.380(b)(2) based on its conclusion that the Husband failed to comply with discovery orders.