IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TERRELL KING,

       Appellant,

  v.

       Case No. 5D23-20
       LT Case No. 2014-CA-001683

FARAH & FARAH, P.A., EDDIE E.
FARAH, AND CHARLIE E. FARAH,

       Appellees.

_____/

Opinion filed April 6, 2023

Appeal from Circuit Court
for Duval County,
Bruce R. Anderson, Jr., Judge.

Kara Rockenbach Link and Daniel M.
Schwarz, of Link & Rockenbach, PA,
West Palm Beach, and Carlos R.
Diaz-Arguelles and Maria D. Tejedor,
of Diaz-Arguelles & Tejedor, P.A.,
Orlando, for Appellant.

Michael R. D'Lugo, of Wicker Smith
O'Hara McCoy & Ford, P.A.,
Orlando, and Richard E. Ramsey, of
Wicker Smith O'Hara McCoy & Ford,
P.A., Jacksonville, for Appellees.

PER CURIAM.

This case involves a claim of legal malpractice related to an underlying negligent security action for which Terrell King claims he sought legal representation from the law firm of Farah and Farah. The trial court granted the law firm's motion for final summary judgment, adopting verbatim the proposed order the law firm submitted. King raises several issues on appeal, some of which go to the substantive merits of whether the motion should have been granted. We do not address and take no position on these issues because we agree with King's overarching argument that the trial court's wholesale adoption of the law firm's forty-page proposed order under the specific circumstances of this case does not show independent judicial analysis, thereby requiring reversal.

In *Perlow v. Berg-Perlow*, 875 So. 2d 383 (Fla. 2004), the Florida Supreme Court held that the verbatim adoption of one party's twenty-five page proposed final judgment created an appearance that the trial judge did not exercise independent judgment. In doing so, it considered a number of factors that are relevant in making this determination, such as the length and detail of the proposal, whether the parties were given an opportunity to object to each other's submissions, how long it took for the trial judge to adopt the proposal, and whether the trial judge made findings of fact and conclusions

2

of law on the record to guide the parties' preparation of their respective submissions. *Id.* at 389–90.

Here, the forty-page final summary judgment is lengthy and factually and legally detailed, which would require substantial time and effort for judicial review. Adoption of such a detailed order, by itself, does not mandate reversal, however, because the trial court took over six months from the summary judgment hearing[1] to enter and file the judgment for disposition, providing more than adequate time for review, reflection, and modifications; in contrast, in *Perlow*, the trial judge took just two hours to adopt the proposal. But the trial judge made no changes whatsoever to the proposed order, which had been submitted in an editable format, suggesting a lack of independent review. Confirming this point is that the order cites the wrong standard for summary judgment and had some language that could be interpreted as overly harsh and injudicious.

More importantly, the trial judge specifically instructed the parties to *not* allow one another to see their proposals ("I don't want [your proposed orders] sent to each other. They're going to come directly to my judicial

---

[1] We note that the trial court may have taken less time due to its resolution of a pending motion to strike post-hearing evidence, which was granted and then followed soon thereafter by entry of the proposed order; but even with six full months of potential judicial review, reversal is required for the reasons stated elsewhere in this opinion.

assistant. *I don't want you all responding to each other's proposed orders.*") (emphasis added). As was stated in *Perlow*, appellate courts

> understand and appreciate the fact that a trial judge in these often complex and multi-issue dissolution cases can benefit from proposed findings and conclusions prepared by the parties. Such proposals can serve as a starting point and reminder of the facts and issues that should be considered and weighed by the judge in his or her own evaluation.

875 So. 2d at 389.

That said, it warrants emphasis that "such submissions cannot substitute for a thoughtful and independent analysis of the facts, issues, and law by the trial judge." *Id.* at 390. As the supreme court stated in *Perlow*:

> When the trial judge accepts verbatim a proposed final judgment submitted by one party without an opportunity for comments or objections by the other party, there is an appearance that the trial judge did not exercise his or her independent judgment in the case. This is especially true when the judge has made no findings or conclusions on the record that would form the basis for the party's proposed final judgment. This type of proceeding is fair to neither the parties involved in a particular case nor our judicial system.

*Id.* (footnote omitted). Because the trial judge adopted the law firm's proposed order word for word, without allowing objection by King's counsel, and made no factual findings or legal conclusions to guide the parties in preparing their orders, we conclude that independent judgment does not appear to have been exercised as *Perlow* and our precedent require. *See, e.g., West v. West,* 228 So. 3d 727, 728–29 (Fla. 5th DCA 2017) ("The

4

appearance of impropriety exists when the trial judge adopts verbatim one party's one-sided final judgment, especially where the judge did not orally announce findings or rulings during or at the end of trial."). We therefore reverse and remand for further consideration to include a "thoughtful and independent analysis of the facts, issues, and law by the trial judge." *Perlow*, 875 So. 2d at 390.

REVERSED AND REMANDED.

MAKAR, EDWARDS and HARRIS, JJ., concur.