# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-1566
LT Case No. 2022-DR-325

_____

IVELISSE GRAGG-RIVERA,

    Appellant,

    v.

IAN S. GRAGG,

    Appellee.

_____

On appeal from the Circuit Court for Nassau County.
Robert M. Foster, Judge.

Cindy L. Lasky, of The Lasky Law Firm, Jacksonville,
for Appellant.

Matthew L. Rhodes, Callahan, for Appellee.

July 12, 2024

PER CURIAM.

    Ivelisse Gragg-Rivera ("Former Wife") and Ian S. Gragg
("Former Husband") are parties in this divorce action. Former Wife
appeals the trial court's amended final judgment as well as the
order denying her motion for rehearing. Former Wife alleges that
the trial court erred in disestablishing paternity as to the parties'
oldest child and erred in denying her request for a hearing when

she verified Former Husband as the legal father of the parties' oldest child; she also claims error due to the lack of factual findings related to child support calculations, errors on the child support worksheet, and a fraudulent financial affidavit.

No transcripts have been provided of the hearing at issue. As such, "our review is limited to the pleadings, judgment dissolving the marriage and other matters contained in the record." *Mayfield v. Mayfield*, 929 So. 2d 671, 672 (Fla. 5th DCA 2006). In this context, a "judgment that is not fundamentally erroneous must be affirmed" on appeal. Because the trial court made fundamental errors as it relates to the disestablishment of paternity and the child support calculations, we reverse in part.

To begin, a parent/child relationship established by a decree from another state is recognized in Florida "unless such status or the rights flowing therefrom are not contemplated by or are repugnant to the laws or policy of the state of Florida upon the subject." *Mott v. First Nat'l Bank*, 124 So. 36, 37 (Fla. 1929). In this proceeding, Former Wife attached a January 2007 order from the State of Virginia that decreed Former Husband as the legal father of the oldest child. Former Wife also attached the original and amended birth certificates and social security cards of the oldest child that reflected the addition of Former Husband's surname.

In the absence of any record evidence to the contrary, the trial court erred in sua sponte disestablishing the paternity of the oldest child that was duly established in Virginia. As such, the trial court's ruling is reversed; the trial court shall reinstate Former Husband as the legal parent of the oldest child, as reflected in the Virginia decree. In addition, the amended final judgment shall be modified on remand to provide for past child support and to vacate any finding or claim that Former Husband's payment of child support was somehow fraud.

Next, as it relates to child support, a trial court must "make sufficient findings to permit meaningful review of its ruling on any child support amount, both monthly and retroactive." *Hindle v. Fuith*, 33 So. 3d 782, 786 (Fla. 5th DCA 2010). Additionally, a trial court's "failure to make factual findings in its final judgment as to the parties' respective net incomes requires that we reverse the

child support award and remand for further proceedings." *Skelly v. Skelly*, 300 So. 3d 342, 345 (Fla. 5th DCA 2020).

In the instant case, the trial court offered no specific factual findings in the amended final judgment as to the parties' net incomes. It did attach a Child Support Guidelines Worksheet, but it is not a substitute for sufficient and specific factual findings. *See Hindle*, 33 So. 3d at 786 (noting that a Child Support Guidelines Worksheet provides "some insight" to the calculation of child support). As such, we reverse and remand for further proceedings, noting that the child support calculations need to be recalculated as necessary to reflect Former Husband's status as the legal father.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.

MAKAR, JAY, and PRATT, JJ., concur.

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---