# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-3056
LT Case No. 2020-DR-001805

———————————————

JORDAN KECK,

    Appellant,

    v.

MATHEW FORTIER,

    Appellee.

———————————————

On appeal from the Circuit Court for Lake County.
Michael Takac, Judge.

Christian Peralta, of Peralta and Dvoran, P.A., Tavares, for
Appellant.

Robin Bresky and Randall Burks, of Schwartz Sladkus Reich
Greenberg Atlas, LLP, Boca Raton, for Appellee.

June 27, 2025

PER CURIAM.

Keck ("Mother") challenges a final paternity judgment, which
awards Fortier ("Father") majority time-sharing and sole parental
responsibility. It also orders Mother to pay child support. Because
the record does not include a transcript of the final hearing, our
review is limited to errors that appear on the face of the judgment.
*See Larocka v. Larocka*, 43 So. 3d 911, 912–13 (Fla. 5th DCA 2010).
Even so, several of Mother's claims have merit.

*Parenting Plan*

One aspect of a legally sufficient parenting plan is a time-sharing schedule. *See* § 61.13(2)(b), Fla. Stat. (2024). "Except when a time-sharing schedule is agreed to by the parties and approved by the court, the court must evaluate all of the [best interest] factors set forth in [section 61.13(3)] and make *specific written findings* of fact when creating or modifying a time-sharing schedule." *Id.* § 61.13(2)(c)1. (emphasis added).

Therefore, absent an agreement by the parties, a parenting plan is insufficient if its time-sharing schedule lacks "findings as to the statutory factors." *See Mendez v. Mendez*, 390 So. 3d 663, 667 (Fla. 4th DCA 2024). Such is the case here, where the judgment contains no best interest findings to support the time-sharing schedule.

*Sole Parental Responsibility*

A court "violates due process when it awards a remedy that a party did not seek." *Eadie v. Gillis*, 363 So. 3d 1115, 1117 (Fla. 5th DCA 2023). This includes awards of sole parental responsibility. *See Ramirez v. Ramirez*, 293 So. 3d 21, 22–23 (Fla. 4th DCA 2020); *Rashid v. Rashid*, 35 So. 3d 992, 993–94 (Fla. 5th DCA 2010).

Here, Father petitioned for shared parental responsibility. As such, the court's award of sole parental responsibility violated Mother's right to due process. And contrary to what Father claims, this issue could not have been tried by consent. *See Chamberlain v. Degner*, 368 So. 3d 1039, 1045 (Fla. 1st DCA 2023) ("Former Husband did not attend the trial and thus any issue could not be tried by consent."); *Clark v. Clark*, 147 So. 3d 655, 658 (Fla. 5th DCA 2014) ("Wife suggests that Husband's failure to attend the hearing is tantamount to consenting to amending the complaint in any way but offers no authority for this proposition. Unpled issues tried when a party does not appear are not tried by consent, but in absentia.").

*Child Support*

Child support calculations rely on the parties' *net* incomes, not

their *gross* incomes. *See* § 61.30(9), Fla. Stat. Accordingly, when awarding child support, "the trial court is required to determine the net income of each parent pursuant to section 61.30, and to include findings in the final judgment." *Hindle v. Fuith*, 33 So. 3d 782, 786 (Fla. 5th DCA 2010).

The judgment on appeal lists Mother and Father's monthly incomes but does not specify if these figures are net or gross. This is error. *See id.*; *Marini v. Kellett*, 279 So. 3d 248, 254 (Fla. 5th DCA 2019) ("The court made no findings as to the parties' net income; thus, we are compelled to reverse."). In fact, based on Father's proposed worksheet, the court appears to have erroneously used gross income. *See Dunson v. Dunson*, 369 So. 3d 1188, 1190 (Fla. 5th DCA 2023).

A court also errs by not including a child support guidelines worksheet in its final judgment. *See Garcia v. Espinosa*, 314 So. 3d 619, 625 (Fla. 3d DCA 2021). Physically attaching the worksheet is not necessary, but the judgment must make it clear that the court approved a worksheet in the record. *See Nepola v. Nepola*, 373 So. 3d 642, 644–45 (Fla. 4th DCA 2023). In this case, Father filed a proposed worksheet, which the court seemingly approved. However, the judgment errs by failing to make this approval clear.

*Other Expenses*

A child's uninsured healthcare expenses "shall be added to the basic [child support] obligation unless these expenses have been ordered to be separately paid on a percentage basis." § 61.30(8), Fla. Stat. This percentage must be proportionate to the parents' incomes. *See Garcia*, 314 So. 3d at 626; *Lockett v. Lockett*, 235 So. 3d 1003, 1006 (Fla. 2d DCA 2017). This proportionality principle extends to other out-of-pocket childrearing costs. *See Sickels v. Sickels*, 221 So. 3d 778, 780 (Fla. 5th DCA 2017); *Hindle*, 33 So. 3d at 786–87.

Here, the judgment indicates that Father's income is nearly three times greater than Mother's. This cannot be reconciled with its decree that the parties must equally share their child's educational and uninsured healthcare expenses.

3

*Conclusion*

The paternity judgment contains several errors on its face. It sets a time-sharing schedule without making any best interest findings, awards Father sole parental responsibility (something he did not seek in his petition), fails to find the parties' net monthly incomes before calculating child support, does not attach or expressly approve a child support guidelines worksheet, and orders the parties to equally divide educational and healthcare expenses despite finding that they have far from equal incomes. Thus, we reverse and remand for the court to enter a legally sufficient judgment.[*] The court may consider whether this task requires taking further evidence. *See West*, 228 So. 3d at 730 n.2.

REVERSED and REMANDED.

WALLIS, JAY, and BOATWRIGHT, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

———————————————

[*] Although we reject Mother's other points, we reiterate that a court should not adopt a party's proposed final judgment under circumstances suggesting that it did not apply independent analysis. *See King v. Farah & Farah, P.A.*, 358 So. 3d 1271, 1272–73 (Fla. 5th DCA 2023); *West v. West*, 228 So. 3d 727, 728–29 (Fla. 5th DCA 2017). Moreover, when adopting a proposed judgment, it is essential that the court give the opposing party adequate time to raise objections. *See Perlow v. Berg-Perlow*, 875 So. 2d 383, 390 (Fla. 2004); *Hillier v. City of Plantation*, 935 So. 2d 105, 107 (Fla. 4th DCA 2006).