DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALEXANDRA BERGMAN,**
Appellant,

v.

**PAUL BERGMAN,**
Appellee.

No. 4D2024-0526

[July 30, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Darren Shull, Judge; L.T. Case No. 2016-DR-008651-XXXX-MB.

Troy W. Klein, West Palm Beach, for appellant.

Ralph T. White, Palm Beach Gardens, for appellee.

GERBER, J.

The former wife appeals from the circuit court's final contempt order directing the former husband to pay the former wife certain sums for outstanding alimony and child support arrearages. Although the former wife was successful in obtaining that order, she argues the circuit court erred in two respects: (1) by denying the former wife's request to order the former husband to pay the interest owed on the arrearages from the default date, on the basis that the former wife had "failed to provide interest calculations for the outstanding … arrear[ages]"; and (2) by denying the former wife's request for attorney's fees, on the basis that the former wife "did not plea[d] that fees be awarded pursuant to the [marital settlement agreement's ("MSA")] prevailing party clause, nor that she has a need for fees and the [f]ormer [h]usband has the ability to pay fees."

On the first argument, the former husband concedes error. Applying de novo review, we agree with that concession of error. *See SP Healthcare Holdings, LLC v. Surgery Ctr. Holdings, LLC*, 208 So. 3d 775, 780 (Fla. 2d DCA 2016) ("We review a trial court's denial of prejudgment interest de novo."). The parties' MSA, which the circuit court incorporated into the final judgment, pertinently provided: "Interest on Past Due Amounts. Any

amounts that are past due, owed by one party to the other pursuant to this Agreement, _shall_ bear interest at the statutory interest rate according to the State of Florida from date of default until paid in full." (emphases added). The former wife logically could not have provided interest calculations for the outstanding arrearages until after the circuit court had determined the arrearages' amount. Thus, as the former husband properly concedes, the circuit court erred in denying the former wife's request to order the former husband to pay the interest owed on the arrearages from the default date. _See Schuenzel v. Schuenzel_, 320 So. 3d 214, 216 (Fla. 3d DCA 2021) ("Once the finder of fact sets the amount of damages, the damages are retroactively considered liquidated damages, and the plaintiff is entitled to prejudgment interest back to the date that the damages were due.") (internal quotation marks and citation omitted).

On the second argument, applying abuse of discretion review, we conclude the circuit court erred in denying the former wife's request for attorney's fees. _See Gunn v. Ubbels_, 101 So. 3d 420, 420 (Fla. 5th DCA 2012) ("The standard of review for an award or denial of attorney's fees in a dissolution of marriage proceeding is abuse of discretion.") (citation omitted). The former wife's contempt motion clearly alleged she had "hired the undersigned attorney and agreed to pay him a reasonable sum for his services," and requested the circuit court to "[a]ward the Former Wife her costs and fees associated with the prosecution of the action." The former husband did not object to the former wife's failure to allege the legal basis for that request. Thus, the former husband waived any such objection. _See Stockman v. Downs_, 573 So. 2d 835, 838 (Fla. 1991) ("Where a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney's fees."). As a result, the circuit court erred by _sua sponte_ denying the former wife's request for attorney's fees, on the basis that the former wife "did not plea[d] that fees be awarded pursuant to the [MSA's] prevailing party clause, nor that she has a need for fees and the [f]ormer [h]usband has the ability to pay fees." _See Christensen v. Christensen_, 291 So. 3d 1016, 1017 (Fla. 2d DCA 2020) ("[B]ecause marital settlement agreements are governed by contract principles, when such an agreement contains a provision requiring fees to be awarded to a prevailing party, trial courts must enforce those provisions.").

Based on the foregoing, we reverse the circuit court's final contempt order to the extent that order denied the former wife's request to order the former husband to pay the interest owed on the arrearages from the default date, and denied the former wife's request for attorney's fees. We

remand for the circuit court to enter an amended final contempt order which: (1) grants the former wife's request to order the former husband to pay the interest owed on the arrearages from the default date, with that amount to be determined by ministerial calculations, for which the parties shall submit proposed calculations, if the parties cannot stipulate to such an amount; and (2) grants the former wife's request for attorney's fees, for which the circuit court shall hold an evidentiary hearing to determine the amount, if the parties cannot stipulate to such an amount.

*Reversed and remanded with directions.*

CONNER and KLINGENSMITH, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

3