# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-0937
LT Case No. 2023-32483-FMCI

_____

PATRICK DALTON TUCKER,

    Appellant,

    v.

BRITNEY ADAMS,

    Appellee.

_____

On appeal from the Circuit Court for Volusia County,
Stasia Warren, Judge.

Allison J. McCabe and Susanne D. McCabe, of the McCabe Law
Firm, Port Orange, for Appellant.

No Appearance for Appellee.

October 3, 2025

PER CURIAM.

Appellant ("Father") challenges a paternity judgment that
orders him to pay child support and grants Appellee ("Mother")
majority timesharing with the parties' child. He argues that the
judgment lacks evidentiary support, awards Mother remedies she
did not seek, and fails to make findings required by law. Because
we agree with him on the last point, we reverse.

Father's argument about the sufficiency of the evidence is

undone by the lack of a trial transcript. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory."); *Thurman v. Davis*, 321 So. 3d 341, 343 (Fla. 1st DCA 2021) (reiterating that without a transcript or its substitute, an appellate court cannot evaluate whether a judgment is supported by competent substantial evidence).

In his second point, Father is correct that a court generally may not award remedies beyond what a party sought in a pleading or motion. *See Eadie v. Gillis*, 363 So. 3d 1115, 1117 (Fla. 5th DCA 2023). But when issues are tried by the parties' express or implied consent, "they will be treated in all respects as if they had been raised in the pleadings." Fla. Fam. L. R. P. 12.190(b). Here, in their joint pretrial statement, the parties asked the court to determine child support and establish a parenting plan. *See Keck v. Fortier*, 414 So. 3d 396, 397 (Fla. 5th DCA 2025) (noting that one aspect of a legally sufficient parenting plan is a timesharing schedule). Father's claim that the court decided issues not raised in Mother's petition ignores this binding stipulation. *See Delgado v. Ag. for Health Care Admin.*, 237 So. 3d 432, 437 (Fla. 1st DCA 2018) (explaining that courts will strictly enforce pretrial stipulations that identify triable issues in a case (quoting *Broche v. Cohn*, 987 So. 2d 124, 127 (Fla. 4th DCA 2008))).

Father's final issue carries the day. Unless the parties agree to a timesharing schedule, the court must evaluate all the statutory best interest factors and make specific written findings of fact. § 61.13(2)(c)1., Fla. Stat. (2024). Here, the court erred by creating a timesharing schedule without making any reference to the best interest factors.

In addition, when setting child support, a court must calculate the parties' net incomes under section 61.30 and include those findings in the judgment. *Keck*, 414 So. 3d at 398 (quoting *Hindle v. Fuith*, 33 So. 3d 782, 786 (Fla. 5th DCA 2010)). The court did not do so here, nor did it approve a child support guidelines worksheet. *See id.* (explaining that a judgment must indicate that the court approved a worksheet in the record).

The absence of legally required findings about timesharing and child support are reversible errors on the face of the judgment. *See id.* at 399; *Kiswani v. Hafza*, 403 So. 3d 416, 417–18 (Fla. 5th DCA 2025); *Hindle*, 33 So. 3d at 786. Accordingly, we reverse and remand for the court to make the needed findings. "The court may consider whether this task requires taking further evidence." *See Keck*, 414 So. 3d at 399; *see also West v. West*, 228 So. 3d 727, 730 n.2 (Fla. 5th DCA 2017) ("The trial judge should consider whether to take further evidence, given the passage of time since the original trial and entry of the original judgment.").

REVERSED and REMANDED with instructions.

JAY, C.J., and KILBANE and MACIVER, JJ., concur.

––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––

3